**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **SURIYA H. SMILEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No.** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **COLUMBIA COLLEGE CHICAGO,** | ) | |
| | ) | **Jury Trial Requested** |
| **Defendant.** | ) | |

**COMPLAINT**

Plaintiff, SURIYA H. SMILEY ("Plaintiff"), by and through her attorney, Kevin Vodak, of Council on American Islamic Relations, Chicago Chapter (CAIR-Chicago), complaining of Defendant, COLUMBIA COLLEGE CHICAGO ("Defendant"), states as follows:

**NATURE OF THE CASE**

1.      Plaintiff seeks redress for the violation of rights guaranteed to Plaintiff by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and by 42 U.S.C. § 1981, as amended, as a result of race and national origin discrimination that she suffered during her employment with Defendant.

**JURISDICTION AND VENUE**

2.      Plaintiff alleges violations of her civil rights under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981; therefore, jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1331 and § 1334.

3.      On June 3, 2009, Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").  (*See* Ex. A – Charge of Discrimination.)

4.      The EEOC issued a Notice of Right to Sue on Plaintiff's charge on September 23,

2009.  (*See* Ex. B – Notice of Right to Sue.)

5.      The violations alleged herein occurred in the Northern District of Illinois; therefore, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## PARTIES

6.      Plaintiff, SURIYA H. SMILEY, is a woman of Palestinian national origin and Arab ancestry, who currently resides in Illinois.  She previously worked as a Radio Studio Operations Instructor and Radio Producer Instructor in Defendant's Radio Department.

7.      Defendant, COLUMBIA COLLEGE CHICAGO, is a private arts and media educational institution in Chicago, Illinois.  Defendant is an employer for the purposes of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(b), as Defendant employed fifteen (15) or more employees for each working day for twenty (20) or more calendar weeks in the current and preceding calendar years.

## COMMON ALLEGATIONS

8.      Plaintiff began working for Defendant as a part-time faculty member in the Radio Department in 1994.  Plaintiff was the only individual of Arab descent employed in the Radio Department.

9.      Throughout the fourteen (14) years of her employment, Plaintiff exceeded Defendant's expectations.  She has consistently received positive student evaluations regarding her coursework and teaching methods.

10.     On December 4, 2008, Ms. Stephanie Downs, the Assistant Director of Student Relations, notified Plaintiff that a student reported a complaint against Plaintiff.  Ms. Downs refused to provide Plaintiff with any details about the student complaint.

11.     Plaintiff and Ms. Downs scheduled to meet on December 9, 2008, to discuss the

2

student complaint. During the meeting, Ms. Downs questioned Plaintiff extensively about a particular student but again refused to provide details of the allegations of the complaint.

12. On January 13, 2009, Plaintiff received notification from the Department Chair, Ms. Barbara Calabrese, that Plaintiff was found in violation of charges against her. Plaintiff asked for an explanation of the charges she allegedly violated, but Ms. Calabrese refused to discuss the issue. When Plaintiff told Ms. Calabrese "I do not feel any support from you," Ms. Calabrese replied, "I am here for the students, not to support you."

13. Plaintiff left a message with Ms. Downs on January 13, 2009, seeking the nature of the charge. Ms. Downs did not reply to the message. As of January 13, 2009, Plaintiff was still not advised of the substance of the student complaint or the charges against her.

14. Plaintiff and a union representative met with Assistant Provost Louise Love and Department Chair Calabrese on January 16, 2009. Ms. Love and Ms. Calabrese disclosed to Plaintiff allegations during this meeting that a student accused her of making anti-Semitic remarks to the student. The student alleged that Plaintiff, while taking class attendance, stated, "I should have known you were Jewish by the size of your nose."

15. Plaintiff immediately and adamantly denied the allegations. She asked Assistant Provost Love and Department Chair Calabrese if they conducted questioning of other students present in the class to confirm or deny the allegations. Ms. Love claimed that questioning of the other students required Plaintiff's permission, to which Plaintiff responded, "You have my permission now." Ms. Calabrese then claimed that they could not involve the students.

16. At the conclusion of the January 16, 2009 meeting, Assistant Provost Love and Department Chair Calabrese stated, based on Plaintiff's denial, that they would conduct an investigation.

17.     On the day following this meeting, Assistant Provost Love sent a letter to Plaintiff informing her of the termination of her employment, purportedly due to violation of Defendant's Anti-Discrimination and Harassment Policy.

18.     Plaintiff was not properly apprised of Defendant's Anti-Discrimination and Harassment Policy.  After receiving Assistant Provost Love's letter, she requested a copy of the policy, but the IT department could not locate the referenced document until days later.

19.     On February 6, 2009, Plaintiff again met with Assistant Provost Love, in an attempt to appeal the employment termination.  Subsequently, Plaintiff was informed that Defendant lacked a procedure for part-time faculty to appeal decisions.

20.     The reason for Defendant's termination of Plaintiff's employment remains pretextual, as Plaintiff performed well as a faculty member for approximately fourteen (14) years, the student's allegations were absurd, and Defendant refused to conduct an investigation into the student's allegations.  The teacher's assistant and eight other students were present in class at the time Plaintiff allegedly directed anti-Semitic remarks toward the student, none of whom were contacted or questioned by Defendant.  In fact, these other students confirmed that Plaintiff never made the alleged remarks or any anti-Semitic statements.

21.     On information and belief, Defendant treated Plaintiff less favorably than similarly situated employees who are not Palestinian or Arab when they were accused of false allegations of misconduct.

## COUNT I

## TITLE VII – NATIONAL ORIGIN DISCRIMINATION

22.     Plaintiff reasserts and realleges paragraphs one (1) through twenty-one (21) as set forth fully herein.

23. Defendant discriminated against Plaintiff based on her national origin, Palestinian, by discharging Plaintiff from her employment based on false and pretextual reasons, as revealed by Defendant's refusal to investigate the allegations and the clear evidence that Plaintiff did not commit the alleged misconduct. The nature of Defendant's asserted reason for Plaintiff's discharge reveals that she was targeted based on her Palestinian national origin.

24. The aforementioned conduct of Defendant was willful and malicious acts of unlawful discrimination against Plaintiff because of her national origin, Palestinian, in violation of the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended.

25. As a direct and proximate result of Defendant's actions, Plaintiff has suffered emotional distress, inconvenience, lost wages and benefits, and other consequential damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, SURIYA H. SMILEY, requests that this Honorable Court enter judgment in her favor and against Defendant, COLUMBIA COLLEGE CHICAGO, and enter an Order awarding the following relief:

A. All wages and benefits she would have received but for the discrimination;

B. Compensatory damages;

C. Punitive damages;

D. An order mandating that Defendant reinstate Plaintiff to her prior position, or front pay in lieu of reinstatement;

E. An award of costs, as provided by F.R.C.P. 54(d)(1);

F. An award of reasonable attorneys fees, as provided by 42 U.S.C. § 2000e-5(k); or 42 U.S.C. § 1988(b); and

G.      Such other relief as the Court deems equitable and just.

## COUNT II

## TITLE VII – RACE DISCRIMINATION

26.     Plaintiff reasserts and realleges paragraphs one (1) through twenty-one (21) as set forth fully herein.

27.     Defendant discriminated against Plaintiff based on her race, Arab, by discharging Plaintiff from her employment based on false and pretextual reasons, as revealed by Defendant's refusal to investigate the allegations and the clear evidence that Plaintiff did not commit the alleged misconduct.  The nature of Defendant's asserted reason for Plaintiff's discharge reveals that she was targeted based on her Arab race.

28.     The aforementioned conduct of Defendant was willful and malicious acts of unlawful discrimination against Plaintiff because of her race, Arab, in violation of the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended.

29.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered emotional distress, inconvenience, lost wages and benefits, and other consequential damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, SURIYA H. SMILEY, requests that this Honorable Court enter judgment in her favor and against Defendant, COLUMBIA COLLEGE CHICAGO, and enter an Order awarding the following relief:

A.      All wages and benefits she would have received but for the discrimination;

B.      Compensatory damages;

C.      Punitive damages;

D.      An order mandating that Defendant reinstate Plaintiff to her prior position, or

front pay in lieu of reinstatement;

E.      An award of costs, as provided by F.R.C.P. 54(d)(1);

F.      An award of reasonable attorneys fees, as provided by 42 U.S.C. § 2000e-5(k); or

42 U.S.C. § 1988(b); and

G.      Such other relief as the Court deems equitable and just.

## COUNT III

## 42 U.S.C. § 1981 – RACE DISCRIMINATION

30.      Plaintiff reasserts and realleges paragraphs one (1) through twenty-one (21) as set forth fully herein.

31.      Defendant discriminated against Plaintiff based on her race, Arab, by discharging Plaintiff from her employment based on false and pretextual reasons, as revealed by Defendant's refusal to investigate the allegations and the clear evidence that Plaintiff did not commit the alleged misconduct. The nature of Defendant's asserted reason for Plaintiff's discharge reveals that she was targeted based on her Arab race.

32.      The aforementioned conduct of Defendant was willful and malicious acts of unlawful discrimination against Plaintiff on the basis of her race, Arab, and has deprived Plaintiff the enjoyment of all benefits, privileges, terms, and conditions of her employment relationship in violation of 42 U.S.C. § 1981.

33.      As a direct and proximate result of Defendant's actions, Plaintiff has suffered emotional distress, inconvenience, lost wages and benefits, and other consequential damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, SURIYA H. SMILEY, requests that this Honorable Court enter judgment in her favor and against Defendant, COLUMBIA COLLEGE CHICAGO, and enter an

Order awarding the following relief:

    A.      All wages and benefits she would have received but for the discrimination;

    B.      Compensatory damages;

    C.      Punitive damages;

    D.      An order mandating that Defendant reinstate Plaintiff to her prior position, or

front pay in lieu of reinstatement;

    E.      An award of costs, as provided by F.R.C.P. 54(d)(1);

    F.      An award of reasonable attorneys fees, as provided by 42 U.S.C. § 2000e-5(k); or

42 U.S.C. § 1988(b); and

    G.      Such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

34.      Plaintiff requests a jury trial on all issues of fact and law raised by the allegations

in this Complaint.

                                      Respectfully submitted,
                                      SURIYA H. SMILEY, Plaintiff,

                        By:     /s/Kevin Vodak_____
                                KEVIN VODAK
                                Attorney for Plaintiff

Attorney #: 6270773
Council on American-Islamic Relations,
Chicago Chapter (CAIR-Chicago)
28 East Jackson Boulevard, Suite 1700
Chicago, Illinois 60604
Ph:    312.212.1520
Fax:   312.212.1530