Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 6183 | **DATE** | 1/11/2011 |
| **CASE TITLE** | Suriya H. Smiley vs. Columbia College Chicago | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Defendant Columbia College Chicago is hereby awarded $3,308.76 in costs.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

This matter is before the court on Defendant Columbia College Chicago's (Columbia) bill of costs. On November 2, 2010, we granted Columbia's motion for summary judgment. Columbia now requests $3,308.76 in costs. Plaintiff Suriya H. Smiley (Smiley) objects, in part, to the request for costs and requests that the court reduce the costs awarded by $614.61.

Federal Rule of Civil Procedure 54(d) provides that the prevailing party should be allowed to recover costs other than attorneys' fees as a matter of course, unless a statute or other rule states otherwise or the court specifically disallows such costs. Fed. R. Civ. P. 54(d); *see also* 28 U.S.C. § 1920 (setting forth costs that are generally recoverable). The Seventh Circuit has made it clear that in reviewing a bill of costs, the district court should keep in mind that "[t]here is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005). In addition to making sure that the requested costs are recoverable, a district court must also ensure that the costs are "reasonable and necessary to the litigation. . . ." *Little v. Mitsubishi Motors North America, Inc.*, 514 F.3d 699, 702 (7th Cir. 2008); *see also Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000)(referring to recoverable and

## STATEMENT

reasonable considerations and to the "heavy presumption in favor of awarding costs").

Smiley contends that the rate per page of the deposition transcript of Louise Love and Alton Miller was an excessive rate and that the amount recovered should be reduced from $742.91 to $373.30. However, Columbia has filed an affidavit explaining that the depositions were noticed-up and taken by Smiley's counsel and that the court reporter was retained by Smiley's counsel. Columbia explains that it was necessary to order expedited transcripts in order to meet the court's dispositive motion deadline, which was a month after Smiley's counsel noticed-up the depositions. Columbia has produced a copy of the bill from the court reporter, who was retained by Smiley, charging $742.91 for the expedited transcripts. Columbia has shown that the deposition costs are recoverable, reasonable, and necessary. Columbia has also provided sufficient documentation to support its request for such costs.

Smiley also objects to certain fees connected with the above-mentioned depositions, such as for archiving, delivery, and processing of reserved signatures totaling $162.00. Columbia has shown that such costs were reasonable and necessary costs incurred by Columbia in connection with the depositions, which Smiley's counsel noticed-up, and that such costs were charged as standard fees by the court reporter retained by Smiley's counsel. Columbia has shown that the additional deposition costs are recoverable, reasonable, and necessary. Columbia has also provided sufficient documentation to support its request for such costs.

Finally, Smiley contends that Columbia has not provided a sufficient explanation for the request for the $236.60 in photocopying costs that Columbia contends were incurred in connection with Columbia's motion for summary judgment filings. Based on the number of pages in Columbia's filings, Smiley has calculated the photocopying costs for the courtesy copies provided to the court to be $154.60, and asserts that Columbia has not offered sufficient justification to recover the additional $82.00. Columbia contends that it needed to make additional copies of certain documents in order to convert them to a pdf format for electronic filing. Based on the circumstances, Columbia has shown that the photocopying costs are recoverable, reasonable, and necessary. Columbia has also provided sufficient documentation to support its request for such costs. Therefore, we award Columbia $3,308.76 in costs.